IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff | ) | C.A. No. 20-65 Erie |
| | ) | |
| v. | ) | District Judge Susan Paradise Baxter |
| | ) | |
| THOMAS O'BRIEN and MARGARET O'BRIEN, | ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

    **A.     Relevant Procedural History**

This action was initiated by Plaintiff United States of America on March 25, 2020, to collect unpaid federal income taxes owed by Defendants Thomas O'Brien and Margaret O'Brien. Plaintiff's complaint alleges that for the tax years 2007, 2008, 2010, 2011, and 2013 through 2018, Defendants filed joint federal income tax returns reporting federal tax liabilities but failed to pay such liabilities. (ECF No. 1, Complaint, at ¶ 5).

Each Defendant was personally served with the complaint and a summons on June 23, 2020, and, as a result, an answer to the complaint was due from Defendants on or before July 14, 2020 [ECF Nos. 5 & 6]. After Defendants failed to file a timely answer, Plaintiff filed a request for the entry of default on August 12, 2020 [ECF No. 7], and default was subsequently entered by the Clerk of Court against each Defendant August 14, 2020 [ECF Nos. 8 & 9].

On September 15, 2020, Plaintiff filed a motion for default judgment against Defendants, which is presently pending before this Court [ECF No. 10].

**B.     Standard of Review**

Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter default judgment against a party when default has been entered by the Clerk of Court. The entry of default by the Clerk, however, does not automatically entitle the non-defaulting party to a default judgment. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984); D'Onofrio v. Il Mattino, 430 F.Supp.2d 431, 437 (E.D.Pa. 2006). Rather, the entry of default judgment is a matter within the sound discretion of the district court. Hritz, 732 F.2d at 1180. The Third Circuit has enumerated three factors that govern a district court's determination as to whether a default judgment should be entered: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000), citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). "However, when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment pursuant to Rule 55(c)." Mount Nittany Medical Center v. Nittany Urgent Care, P.C., 2011 WL 5869812, at *1 (M.D.Pa. Nov. 22, 2011), citing Anchorage Assocs. V. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n. 9 (3d Cir. 1990).

**II.    DISCUSSION**

Here, all three of the foregoing factors weigh in favor of granting default judgment against Defendants. At this time, Defendants have been in default for three months and there is every reason to believe that such default will continue for the foreseeable future. Thus, if default judgment is denied, Plaintiff will be prejudiced by its inability to effectively enforce federal

income tax laws against violating parties for an indeterminable period of time simply because those parties choose to avoid responding to the complaint or to otherwise defend themselves. As to the second and third factors, because Defendants have failed to participate in this litigation in any way, the Court cannot speculate as to whether they have a litigable defense or whether their default is due to culpable conduct. Thus, entry of default judgment against Defendants is appropriate. See, e.g., Broadway Music, Inc. v. Spring Mt. Area Bavarian Resort, Ltd., 555 F.Supp.2d 537, 542 (E.D.Pa. 2008) (entering default judgment where there was "nothing in the record to suggest that defendants have a litigable defense as to liability," and where defendants' decision not to defend against a complaint's allegations was found to be grounds for concluding that default was culpable); Mount Nittany, 2011 WL 5869812, at *1.

Because Plaintiff has shown that it is entitled to a default judgment, Defendants are deemed to have admitted "all well-pleaded allegations in the complaint," including the validity of the tax assessments for the years in question, and the propriety of the these assessments and the demands for their payment. Comodyne I, Inc. v. Corbin, Jr., 908 F.2d 1142, 1149 (3d Cir. 1999), citing C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2688 at 444 (2d ed. 1983). According to the complaint, Defendants reported but failed to pay federal income tax liabilities for the tax years 2007, 2008, 2010, 2011, and 2013 through 2018, totaling $134,977.86 as of September 28, 2020, plus additional statutory interest and penalties accrued thereafter. These assessments are entitled to a presumption of correctness, which neither Defendant has rebutted. United States v. Fior D'Italia, Inc., 536 U.S. 238, 242 (2002), citing, *inter alia*, Psaty v. United States, 442 F.2d 1154, 1160 (3d Cir. 1971); United States v. Taylor, 757 Fed. Appx. 194, 196 (3d Cir. 2018). Thus, default judgment will be entered accordingly.

An appropriate Order follows.